**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Neil Len TEETH, Defendant–Appellant.**

**No. 06–30197.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2007.

Filed Feb. 15, 2007.

Marcia Good Hurd, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

L. Sanford Selvey, Esq., Selvey Law Firm, Billings, MT, for Defendant–Appellant.

Before: BEEZER, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM *

A jury convicted Defendant Neil Len Teeth of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153 and 113(a)(6). We affirm.

1. We review the district court's factual findings for clear error but review de novo its conclusion of law that Defendant lacked standing to challenge the searches of the victim's home. *United States v. Zermeno*, 66 F.3d 1058, 1061 (9th Cir.1995). The district court did not clearly err in finding that Defendant was not a resident at the time of the searches, having moved out with all his possessions a few weeks earlier. Under *Minnesota v. Olson*, 495 U.S. 91, 96–97, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990), Defendant's overnight stay three days prior to the first search did not vest him with a legitimate privacy expectation in the victim's home.

2. Defendant argues that his statements to the police should have been suppressed because they were the fruit of illegal searches of the victim's home. Because he lacks standing to challenge the searches, he likewise cannot prevail on this derivative claim as to his later statements. *United States v. Salvucci*, 448 U.S. 83, 85, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). Again, the district court did not err.[1]

3. The district court did not abuse its discretion in denying Defendant's motion for a mistrial. *See United States v. Murillo*, 288 F.3d 1126, 1140 (9th Cir.2002)

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[1]. Defendant does not renew on appeal the claim that his statements were involuntary, so we do not address that question.

(explaining standard of review). The challenged comment was brief, isolated, and unsolicited by the prosecutor's question. The district court took immediate remedial steps by sustaining Defendant's objection, striking the testimony, and instructing the jury to disregard it. We presume that they followed the curative instruction. *Richardson v. Marsh,* 481 U.S. 200, 206, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). Moreover, any error was harmless because the evidence against Defendant was overwhelming, including a confession to police and written admissions of guilt sent to the victim.

4. We need not decide whether the district court erred in applying enhancements for obstruction of justice and for assaulting a vulnerable victim, because any error would have been harmless in the particular circumstances of this case. *See United States v. Booker,* 543 U.S. 220, 268, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (stating that the harmless error doctrine still applies to sentencing issues). The record leaves no doubt that the district court was determined to impose the statutory maximum sentence for reasons that are proper and that were appropriately explained.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.